UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE DO,<br><br>  Plaintiff,<br><br>v.<br><br>TRI CITY HEALTHCARE DISTRICT, dba TRI CITY MEDICAL CENTER, et al.,<br><br>  Defendants. | Case No.: 19cv2253-MSB (NLS)<br><br>**ORDER GRANTING IN PART DEFENDANTS' EX PARTE MOTION [ECF NO. 39]** |

On November 2, 2020, Defendants filed an "*Ex Parte* Application to Strike Do Declaration Submitted with Plaintiff's Reply Brief." (ECF No. 39.) They move to strike the following: (1) the declaration of Mike Do ("Do Declaration") and the accompanying exhibits included in Plaintiff's Reply brief filed in support of his Motion for Leave to File Amended Complaint [ECF No. 38-1]; and (2) the new arguments in Plaintiff's Reply brief that rely on or cite the Do Declaration. (ECF No. 39-2 at 1.) In support, Defendants argue that the Do Declaration and accompanying Exhibit A [ECF No. 38-1] offer new evidence, are untimely, and violate Civil Local Rule 7.1(f)(2). (ECF No. 39-2 at 2-3.) Defendants further contend that Plaintiff's Reply seeks to introduce a new argument that Plaintiff never had an opportunity to review or correct the claims on the May 2019 Equal Employment Opportunity Commission ("EEOC") charge, first saw a copy of the

1

EEOC charge after the September 9, 2020 Early Neutral Evaluation Conference ("ENE"), and that the EEOC, not Plaintiff, is therefore responsible for the limited charge. (Id. at 2.)

In the alternative, Defendants ask the Court for leave to file a sur-reply so that they could respond to "untimely evidence and arguments" in Plaintiff's Reply. (Id. at 1, 3-4.) Defendants state that they would like to present evidence contradicting Plaintiff's sworn testimony and establishing that "[Plaintiff] not only received a copy of the May 2019 EEOC charge, but was given an opportunity to review the charge, and even recommended a change to the charge before he signed it," and that Plaintiff "actively used the EEOC's online portal to provide supplemental information about his charge, upload documents, and communicate with the EEOC investigator." (Id.)

Defense counsel states in his supporting declaration that on October 27, 2020, he e-mailed Plaintiff's counsel and

> indicated that statements within the Do declaration are objectively false and provided evidence reflecting the activity in Mr. Do's EEOC charge. [Defense counsel] also advised Plaintiff's counsel to take action to correct these false statement or call [defense counsel] to discuss. On October 28, 2020, [defense counsel] sent another email to counsel for Plaintiff, requesting a response. Plaintiff's counsel did not respond to the email or otherwise contact [defense counsel] to discuss.

(Decl. of Jeffrey P. Ames, ECF No. 39-1 at 2.)

On November 4, 2020, Plaintiff filed an "Opposition to Defendants' *Ex Parte* Motion to Strike Do Declaration." (ECF No. 40.) Plaintiff argues that the Do Declaration is "not new matter" because it directly responds to "proof [Defendants] submitted in [their] Opposition" to Plaintiff's motion to amend. (Id. at 2-3.) Plaintiff explains that Defendants' Opposition contains a copy of the May 22, 2019 "right to sue" letter, as well as arguments that the letter established that Plaintiff's proposed new claim was barred by statute. (Id. at 2.) Plaintiff contends that Defendants' "evidence and argument presume[] that the 'right to sue' letter was addressed and received by the employee,"

and the Do Declaration and arguments in Plaintiff's Reply explain that the letter was not addressed to him, and he had never received a copy of the letter. (Id. at 3.) Plaintiff also maintains that because no new evidence is submitted in his Reply, Defendants' sur-reply should not be permitted. (Id. at 3-4.) Plaintiff thus asks the Court to deny Defendants' *ex parte* motion. (Id. at 4.)

## I. APPLICABLE LAW

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." United States ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 894095 (1990)); see also Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Further, Civil Local Rule 7.1 provides that "copies of all documentary evidence which the movant intends to submit in support of the motion, or other request for ruling by the court, must be served and filed with the motion." S.D. Cal. Civ. L.R. 7.1(f)(2)(a).

District courts have the discretion to either allow or preclude the filing of a sur-reply. United States v. Venture One Mortg. Corp., Case No: 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015). Such discretion "should be exercised in favor of allowing" a sur-reply "only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Id. (quoting Hill v. England, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)).

## II. DISCUSSION

In his Motion for Leave to File Amended Complaint, which is currently pending before the Court, Plaintiff seeks to add a new claim for disability discrimination. (See ECF No. 26 at 6; see also ECF Nos. 28 & 35.) Plaintiff argues, *inter alia*, that his claim for disability discrimination was timely because his counsel first learned of the May 2019 EEOC charge containing the disability discrimination claim during the September 9, 2020 ENE. (See ECF No. 26 at 6.) In their Opposition to Plaintiff's motion to amend,

Defendants assert that Plaintiff's counsel's knowledge of the May 2019 EEOC charge is irrelevant because at the time Plaintiff filed his original Complaint, Plaintiff was aware of the May 2019 EEOC charge and the underlying facts related to his claim for disability discrimination. (See ECF No. 36 at 11.) The Court agrees with Defendants that Plaintiff's Reply seeks to introduce new evidence and argument that Plaintiff never had an opportunity to review or correct the claims on the May 2019 EEOC charge and first saw a copy of the EEOC charge when Defendants provided the document after the September 9, 2020 ENE, and that the EEOC, and not Plaintiff, is responsible for the limited charge. (See ECF No. 39-2 at 2.)

By submitting additional new evidence and arguments in his Reply, Plaintiff has deprived Defendants of the opportunity to respond. The Court therefore concludes that under the circumstances, the filing of a sur-reply is warranted.

### III.  CONCLUSION

For the reasons state above, the Court **GRANTS IN PART** Defendants' *ex parte* motion. The Court **DENIES** Defendants' motion to strike the Do Declaration, the accompanying exhibits, and the new arguments in Plaintiff's Reply brief that rely on or cite the Do Declaration. The Court **GRANTS** Defendants' motion to file a sur-reply. Defendants must file their sur-reply by **November 10, 2020**. The sur-reply must be limited to the issues described in Defendants' *ex parte* motion.

**IT IS SO ORDERED**.

Dated:  November 4, 2020

Honorable Michael S. Berg
United States Magistrate Judge