UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE DO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRI CITY HEALTHCARE DISTRICT, dba TRI CITY MEDICAL CENTER, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19cv2253-MSB(NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>**[ECF NOS. 26, 28, 35]** |

Presently before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint ("Motion").[1] (See ECF Nos. 26, 28, 35.) For the following reasons, the Court **DENIES** the Motion.

---

[1] Plaintiff incorrectly titled his Motion filed on September 22, 2020, as a "Motion for Leave to File Amended Complaint to Add Defendants." (ECF No. 26 at 1.) On September 24, 2020, Plaintiff clarified in his "Amended Notice of Motion for Leave to File Third Amended Complaint" that he was seeking to add an <u>additional claim</u> and <u>not additional defendants</u>. (See ECF No. 28.) Further, in his September 22, 2020 Motion, Plaintiff failed to attach a version of the proposed amendment showing, through redlining or some other method, how the proposed complaint differed from the operative complaint. (ECF No. 26.) On October 9, 2020, the Court ordered Plaintiff to supplement his filings with a redlined version of his proposed amended pleading as required by Civil Local Rule 15.1(b). (ECF No. 34.) Plaintiff supplemented his Motion on October 12, 2020, and attached a redlined version of his proposed amended pleading. (ECF No. 35.)

1

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of Plaintiff's employment with Tri City Healthcare District, dba Tri City Medical Center's ("Tri City") Information Technology ("IT") Department. On November 25, 2019, Plaintiff filed a Complaint against his former employer and supervisors, Defendants Tri City, Mark Albright, and Steve Dietlin. (ECF No. 1.) The Complaint asserted the following two causes of action: (1) hostile work environment-supervisor, against Defendant Tri City; and (2) intentional infliction of emotional distress, against all Defendants. (Id. at 6-8.)

On March 26, 2020, Plaintiff filed a First Amended Complaint ("FAC"), alleging the following five causes of action: (1) hostile work environment-supervisor, against all Defendants; (2) retaliation, against all Defendants; (3) wrongful termination, against all Defendants; (4) negligence, against all Defendants; and (5) intentional infliction of emotional distress, against all Defendants. (ECF No. 3 at 7-16.) On April 21, 2020, Defendants filed a Motion to Dismiss the FAC, which Chief Judge Larry Alan Burns granted in part on July 1, 2020. (See ECF Nos. 4 & 12.) Judge Burns dismissed the following claims with prejudice: (1) hostile work environment, against Defendants Albright and Dietlin; (2) retaliation, against Defendants Albright and Dietlin; (3) wrongful termination, against Defendants Albright and Dietlin; (4) negligence, against all Defendants; and (5) intentional infliction of emotional distress, against Defendants Dietlin and Tri City. (ECF No. 12.)

On July 14, 2020, Plaintiff filed a Second Amended Complaint ("SAC"), which is the operative pleading in this action. (ECF No. 15.) The SAC asserts the following causes of action: (1) hostile work environment-supervisor, against Defendant Tri City; (2) retaliation, against Defendant Tri City; (3) wrongful termination, against Defendant Tri City; and (4) intentional infliction of emotional distress, against Defendant Albright. (Id.) Defendants filed an Answer to Plaintiff's SAC on July 28, 2020. (ECF No. 18.) On September 9, 2020, the Court conducted an Early Neutral Evaluation Conference ("ENE"). (See ECF No. 23.) On October 8, 2020, the parties consented to "have a United

States magistrate judge conduct all proceedings in this case including trial, the entry of final judgement, and all post-trial proceedings," and the case was reassigned to Magistrate Judge Berg.  (ECF No. 33.)

On September 22, 2020, Plaintiff filed the instant Motion, (ECF No. 26), which he supplemented on September 24, 2020, and October 12, 2020, (ECF Nos. 28 & 35). Plaintiff seeks leave to file a Third Amended Compliant ("TAC") adding a new cause of action for disability discrimination[2] against Defendant Tri City.  (See ECF Nos. 26, 28, 35.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and such leave shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2). While the rule is construed with "extreme liberality," Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991), leave to amend "is not to be granted automatically." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  The decision whether to grant leave to amend remains within the discretion of the district court.  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).  The district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"  Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Brown v. Stored Value Cards, Inc., 953 F.3d 567, 574 (9th Cir. 2020) (citing Foman, 371 U.S. at 182).

---

[2] The Court notes that when Plaintiff initially filed the Motion, he also included a negligence claim in his proposed TAC.  (ECF No. 26-4 at 17-18.)  The negligence claim, however, was dismissed with prejudice on July 1, 2020.  (See ECF No. 12 at 2.)  Plaintiff subsequently clarified that he incorrectly included the negligence claim in his proposed TAC, and removed the negligence claim from his proposed TAC.  (See ECF No. 35; ECF No. 38 at 5.)  Accordingly, the Court will not address the negligence claim in this Order.

### III.  DISCUSSION

Plaintiff seeks to file a TAC adding a new claim for disability discrimination against Defendant Tri City.  (See ECF Nos. 26, 28, 35.)  Plaintiff contends that the claim is timely because his counsel first learned during the September 9, 2020 ENE that Plaintiff's original pro se EEOC complaint made a charge of disability discrimination against Defendant Tri City.  (See ECF No. 26-1 at 2, 6.)  Plaintiff further argues that the proposed claim relates back "to the prior complaint because both are based on the identical set of fact allegations and . . . Defendants have not been deprived of notice of the [disability discrimination] claim."  (Id. at 2, 8; see also id. at 7.)  Plaintiff also maintains that the Court should grant his Motion, because he filed the Motion before the Court's deadline to amend pleadings set in the Case Management Order.  (Id. at 6.)

Defendants assert in their Opposition that Plaintiff's proposed disability discrimination claim is barred by the applicable statute of limitations, and the claim does not relate back to Plaintiff's original Complaint because it does not arise out of the same conduct, transaction or occurrence as the Complaint.  (ECF No. 36 at 4-5.)  Defendants also argue that Plaintiff's counsel's alleged lack of knowledge of the disability cause of action is irrelevant because Plaintiff was aware of the May 2019 EEOC charge and the underlying factual allegations when he filed his Complaint in federal court.  (Id. at 11.)  Defendants further contend that the filing of the proposed TAC would require additional motion work on issues that have already been litigated, and result in undue delay; Plaintiff knew or should have known the facts and theories in the proposed TAC when he filed his original Complaint; and Plaintiff has already amended his pleadings twice.  (Id. at 5, 11-13.)  Defendants thus assert that there is no good cause to grant Plaintiff's motion for leave to amend, and ask the Court to deny the motion.  (Id. at 11-13.)

In his Reply, Plaintiff contends that his proposed disability discrimination claim arises from the same facts as his original Equal Employment Opportunity Commission ("EEOC") charge, and good cause exists to allow the proposed amendment.  (ECF No. 38.)  Plaintiff also provides his supporting declaration ("Do Declaration").  (ECF No. 38-1

at 1-2.)  Plaintiff states that he did not have an opportunity to review or correct the claims in his May 2019 EEOC charge, was not given a copy of the EEOC charge, "was thus unaware" of what was written on the EEOC charge, and first learned of its contents when Defendants provided the document after the September 9, 2020 ENE.  (ECF No. 38 at 4-5.)  Plaintiff also asserts that Defendant TriCity withheld details from him about his May 2019 EEOC charge by failing to provide a copy of the document.  (Id. at 5-6.)

In their Sur-Reply, which was authorized by the Court, Defendants argue that the Do Declaration contains material misstatements.  (See ECF No. 41; ECF No. 42 at 2-3.)  Defendants contend that Plaintiff digitally signed his May 2019 EEOC charge on May 22, 2019, received a copy of the charge, was given an opportunity to review the charge, recommended a change before he signed it, downloaded a copy of his signed charge on June 29, 2019, and actively used the EEOC's online portal to provide supplemental information, upload documents, and communicate with the EEOC investigator.[3]  (ECF No. 42 at 2-3.)  Defendants further maintain that Plaintiff's disability discrimination claim is untimely, because Plaintiff cannot rely on the May 2019 EEOC charge to establish relationship back to his disability discrimination claim, and good cause does not exist to grant Plaintiff leave to amend.  (Id. at 3-4.)  Defendants therefore ask the Court to deny Plaintiff's Motion.  (Id. at 6.)

---

[3] To substantiate their arguments, Defendants provided a declaration from Jeffrey P. Ames ("Ames Declaration"), and exhibits A-C to the Ames Declaration.  (ECF No. 42-1.)  On November 11, 2020, Plaintiff filed an "Objection to Evidence Submitted with Tri-City's Surreply."  (ECF No. 43.)  Plaintiff objects to Exhibits A, B, and C submitted by Defendants, as well as paragraph 3 of the Ames Declaration.  (See id.)  Specifically, Plaintiff objects to exhibits A-C on the ground that the they are "hearsay under [Federal Rule of Evidence] FRE 801, which are inadmissible under FRE 802, and which are not made admissible as a public records hearsay exception by FRE 803(8) because the records are neither certified (self authenticated) or authenticated by competent independent evidence."  (Id. at 2.)  Plaintiff objects to paragraph 3 of the Ames Declaration arguing that it "fails to demonstrate any foundation for personal knowledge as to the meaning of the entries in the 'activity log'." (Id. at 3.)  The Court need not consider Plaintiff's objections, because notwithstanding the documents at issue, and as discussed in detail below, the Court finds that Plaintiff's motion to amend lacks merit.

"A [Title VII] claimant must exhaust administrative remedies by filing a charge with the EEOC or an equivalent state agency, like the DFEH, and receiving a right-to-sue letter." Scott v. Gino Morena Enters., LLC, 888 F.3d 1101, 1106 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5(e)(1)); Jasch v. Potter, 302 F.3d 1092, 1094 (9th Cir. 2002)). "The charge must be filed within 180 days after the allegedly unlawful employment practice occurred." Id. (citing 42 U.S.C. § 2000e-5(e)(1)). "[A]fter exhausting administrative remedies, a claimant has 90 days to file a civil action." Id. (citing 42 U.S.C. § 2000e-5(f)(1)).

Plaintiff was terminated on November 19, 2018. (ECF No. 15 at 7.) On May 22, 2019, Plaintiff filed a "Charge of Discrimination" with the California Department of Fair Employment and Housing ("DFEH"), which was dual filed with the EEOC alleging disability discrimination by Plaintiff's former employer Tri-City. (ECF No. 36-1, Decl. of Mary E. Allain ("Allain Decl.") at 2; Ex. A.) On May 22, 2019, the DFEH issued Plaintiff a notice of right to sue based on the May 2019 charge of discrimination. (Allain Decl. at 2; Ex. B.) On August 28, 2019, the EEOC issued Plaintiff a notice of right to sue based on the May 2019 charge of discrimination. (Allain Decl. at 2; Ex. C.) Plaintiff filed his original Complaint in federal court on November 25, 2019, one day before the expiration of the ninety-day deadline to file a civil action, triggered by the August 28, 2019 EEOC right-to-sue letter. (See ECF No. 1.) Plaintiff's Complaint alleged that "Plaintiff has timely made his complaint to the Federal Equal Employment Opportunity Commission, which terminated its investigation and issued its right to sue letter on or about August 28, 2019." (Id. at 3.) Over a year later, on September 22, 2020, Plaintiff filed the instant Motion seeking to add a new disability discrimination claim. (See ECF No. 26.) Because more than ninety days have passed since the EEOC issued Plaintiff the right-to-sue notice based on the May 2019 discrimination charge, the proposed disability discrimination claim is untimely, unless it relates back to Plaintiff's original Complaint.

///

### A. Relation-Back Doctrine

Federal Rule of Civil Procedure 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when [(1)] the law that provides the applicable statute of limitations allows relation back [and (2)] the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). "[C]onduct, transaction, or occurrence" refers to "a common 'core of operative facts' [that] unit[e] the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005) (citing Fed. R. Civ. P. 15(c)). Relation back is "proper if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury." Percy v. S.F. Gen. Hosp., 841 F.2d 975, 979 (9th Cir. 1988) (quoting Santana v. Holiday Inns, Inc., 686 F.2d 736, 739 (9th Cir. 1982)). Therefore, "[r]elation back . . . hinges on notice" to the adverse party—"not of the specific claims themselves, but of 'the facts that form[ ] the basis for those claims.'" Feinstein v. Serv. Sols. Grp. LLC, Case No: 08-CV-1174 W (WMc), 2012 WL 12953075, at *4 (S.D. Cal. Aug. 7, 2012) (quoting Martell v. Trilogy Ltd., 872 F.2d 322, 326 (9th Cir. 1989)). The express language of Federal Rule of Civil Procedure 15(c) "points only to the 'original pleading' as the source of notice necessary to satisfy the relation-back doctrine." Id. at *5; see also Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.") (emphasis added).

Plaintiff cites his original EEOC charge to establish relation back; however, Plaintiff's analysis is incorrect because Federal Rule of Civil Procedure 15(c) looks to the original complaint, not the original EEOC charge. See Feinstein, 2012 WL 12953075, at *4 (quoting Fed. R. Civ. P. 15(c)(1)(B)). The EEOC charge is not the "original pleading," and Defendants therefore have not been put on notice of the disability discrimination cause of action at issue in accordance with Federal Rule of Civil Procedure 15(c). See id.

at *5 (finding that the administrative proceedings with the EEOC and DFEH "may not serve as substitute for the notice required to be provided by the complaint under the Federal Rules of Civil Procedure.").

Further, having closely analyzed Plaintiff's original Complaint, the Court finds that Plaintiff's proposed new disability discrimination claim does not share a "common core of operative facts" with the claims presented in the Complaint. See Mayle, 545 U.S. at 659 (internal quotation marks omitted). In his original Complaint, Plaintiff alleged that he developed a "severe stress related nerve deterioration" due to "campaign of harassment and hostile work environment," was forced to take sick leave, and was subsequently terminated for abandoning his employment and failing to communicate with his employer. (ECF No. 1 at 6.) Plaintiff's Complaint asserted two causes of action for hostile work environment and intentional infliction of emotional distress. (Id. at 6-8.) The original Complaint did not reference "disability," did not include any allegations that Plaintiff was a qualified disabled person within the meaning of the ADA, or that Plaintiff suffered any kind of adverse employment action because of his alleged disability. (See ECF No. 1.) Notably, a claim for disability discrimination would be proven (or disproven) by different evidence as Plaintiff's existing claims. See Percy, 841 F.2d at 978 (quotation omitted) (when considering a motion to amend a complaint to state a new claim against an original defendant, a court "compares the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading."); Hutton v. Elf Atochem N. Am., Inc., 273 F.3d 884, 891 (9th Cir. 2001) (A prima facie case of discrimination under the ADA requires a showing of the following: "(1) [plaintiff] is a disabled person within the meaning of the statute; (2) [plaintiff] is a qualified individual with a disability; and (3) [plaintiff] suffered an adverse employment action because of his disability."); see also Williams v. Boeing, 517 F.3d 1120, 1133 (9th Cir. 2008) (finding that the proposed amendment did not relate back to the original

complaint for purposes of limitations period, where different evidence and witnesses would be used to prove the existing claims and the new claim).

Plaintiff's original Complaint did not provide Defendants with notice that they should be prepared to investigate, take steps to preserve evidence, and defend a disability discrimination claim. See ASARCO, LLC v. Union Pac. R.R. Co., 765 F3d 999, 1005 (9th Cir. 2014) (quotation omitted) ("Consistent with the protective purpose of the statute of limitations, '[f]airness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff.'"); see also Percy, 841 F.2d at 979-80 (finding that plaintiff's § 1983 claim did not relate back to the Title VII discrimination claim contained in the original complaint because the original complaint contained no facts supporting the § 1983 claim); Feinstein, 2012 WL 12953075, at *4-5 (finding that plaintiff's termination "can hardly be said to constitute a 'core' of facts 'uniting the original and newly asserted claims'" (quoting Mayle, 545 U.S. at 659)). The Court therefore finds that Plaintiff's proposed disability discrimination claim does not relate back to Plaintiff's original Complaint for purposes of the statute of limitations.

### B. Foman Factors

As noted above, district courts consider the following factors when evaluating a motion for leave to amend: (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) previous opportunities to amend; (4) futility of amendment; and (5) prejudice to the opposing party. See Foman, 371 U.S. at 182; Brown, 953 F.3d at 574 Leadsinger, Inc., 512 F.3d at 532. Accordingly, the Court addresses each factor below.

#### 1. Undue delay

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." Davis v. Powell, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (quotation omitted). "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Royal Ins. Co. of Am. v.

Southwest Marine, 194 F.3d 1009, 1016-17 (9th Cir. 1999) (internal quotation marks omitted).  A court should consider "whether the moving party <u>knew or should have known</u> the facts and theories raised by the amendment in the original pleading." <u>Jackson v. Bank of Haw.</u>, 902 F.2d 1385, 1388 (9th Cir. 1990) (emphasis added).

As a preliminary matter, to the extent Plaintiff argues that his proposed amendment is timely because he filed his Motion seeking leave to amend before the deadline to amend pleadings set in the Court's Case Management Order, (<u>see</u> Mot. at 26-1 at 6), the Ninth Circuit expressly rejected such argument, reasoning as follows:

> In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order.  Rather, in evaluating undue delay, we also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."

<u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 952-53 (9th Cir. 2006) (quoting <u>Jackson</u>, 902 F.2d at 1388).  Accordingly, the Court will next analyze whether Plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading." <u>See</u> <u>id.</u>

Plaintiff filed his original Complaint on November 25, 2019.  (<u>See</u> ECF No. 1.)  The Complaint alleged, in relevant part, the following:  "<u>Plaintiff has timely made his complaint to the Federal Equal Employment Opportunity Commission, which terminated its investigation, and issued its right to sue letter on or about August 28, 2019</u>."  (<u>Id.</u> at 3 (emphasis added).)  In light of the above allegations, it is apparent that at the time of filing of Plaintiff's original Complaint over a year ago, Plaintiff and his counsel knew about Plaintiff's May 2019 EEOC charge, and that the EEOC issued the right-to-sue letter on August 28, 2019.  (<u>See id.</u>)  As such, the facts underlying Plaintiff's proposed disability discrimination claim were readily available to Plaintiff months before filing of the original Complaint.  Even if Plaintiff did not have a copy of his May 2019 EEOC charge, he and his counsel should have obtained and investigated the charge before filing Plaintiff's original Complaint.  The fact that Defendants were able to obtain Plaintiff's May 2019

EEOC charge through a Freedom of Information Act request to the EEOC, demonstrates that the document was readily available to Plaintiff, and Plaintiff was not diligent in prosecuting this case.  The Court therefore concludes that Plaintiff "should have known the facts and theories raised by the amendment in the original pleading," and that his year-long delay in moving to amend to add the disability discrimination claim is unreasonable.  See Jackson, 902 F.2d at 1388; see also Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991) (citing Jackson, 902 F.2d at 1388) (finding unreasonable an eight month delay between obtaining a relevant fact and seeking a leave to amend); Parker v. Joe Lujan Enters., Inc., 848 F.2d 118, 121 (9th Cir. 1988) (finding undue delay and affirming district court's denial of motion to amend, where the proposed amendment sought to add a new theory of liability known to the plaintiff years earlier); United States Equal Emp't Opportunity Comm'n v. Global Horizons, Inc., CIVIL NO. 11-00257 LEK-RLP, 2013 WL 12123697, at *3 (D. Haw. Sept. 10, 2013) (concluding that plaintiff "knew or should have known" of the relevant facts relevant to its proposed amendment, where the facts were publicly available).

Accordingly, the Court finds that Plaintiff unduly delayed in filing the Motion, and allowing Plaintiff to amend his complaint for the third time at this stage of the proceedings would cause undue delay to the litigation.  This factor, therefore, weighs against allowing the proposed amendment.

### 2. Movant's bad faith or dilatory motive

A court may deny a leave to amend if the amendment would "not save the complaint or the plaintiff is merely seeking to prolong the litigation by adding new but baseless legal theories." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999).  In this case, there is no showing that Plaintiff is moving to amend merely to prolong the litigation.  The Court, therefore, finds that this factor weighs in favor of granting Plaintiff leave to amend.

/ / /

/ / /

### 3. Previous opportunities to amend

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989); Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F., 792 F.2d 1432, 1438 (9th Cir. 1986) (same; denying leave to file fourth amended complaint because "[t]he factual bases of the claims were known to [plaintiff] long before."). In this case, Plaintiff filed his original Complaint on November 25, 2019, a FAC—on March 26, 2020, and a SAC—on July 14, 2020. (ECF Nos. 1, 3, 15.) Because Plaintiff has already amended his pleadings twice, and because Plaintiff and his counsel knew before filing the original Complaint that Plaintiff had filed a charge with EEOC in May 2019, and that the EEOC had issued the right-to-sue letter on August 28, 2019, the Court finds that this factor weighs against allowing the proposed amendment. See Ascon Props., Inc., 866 F.2d at 1160; Fid. Fin. Corp., 792 F.2d at 1438.

### 4. Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). A "leave to amend may be denied as futile if the statute of limitations has run." Johnson v. Exec. Protective Agency K9 & Investigative Servs. Inc., Civil No. 07cv0570-J (AJB), 2009 WL 3213971, at *3 (S.D. Cal. Sept. 28, 2009).

As discussed in detail above, Plaintiff's proposed new disability discrimination claim is untimely and does not relate back to the original Complaint. Accordingly, the Court finds that Plaintiff's proposed disability discrimination claim is futile. This factor therefore weighs against allowing the proposed amendment. See Leadsinger, Inc., 512 F.3d at 532 ("We have previously accepted [futility of amendment] as a basis upon which a district court may deny leave to amend.").

///

### 5. Prejudice

Courts in the Ninth Circuit have found "undue prejudice" where the new claims "'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." See SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). Showings of prejudice include having to reopen discovery and delaying the proceedings because of the amendment. See Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998). Prejudice to the opposing party carries the "greatest weight." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, the Court issued its Case Management Order on September 25, 2020, which set January 4, 2021, as the deadline to serve written discovery, and March 10, 2021—as the deadline to complete fact discovery. (ECF No. 31 at 2.) Plaintiff's current operative pleading alleges causes of action for hostile work environment, retaliation, wrongful termination, and intentional infliction of emotional distress, (see ECF No. 15), and the parties have been conducting discovery relevant to those causes of action. Although discovery is still ongoing, the written discovery deadline is fast approaching, and a new claim for disability discrimination would require additional discovery of completely different facts relevant to Plaintiff's proposed new disability discrimination claim. This case was filed over a year ago, Defendants' motion to dismiss was briefed and ruled on, and the proposed amendment will necessitate another round of motion practice related to Plaintiff's pleadings, as well as additional discovery, which will significantly delay the proceedings. (See ECF No. 36 at 12 (containing Defendants' representations that they would be forced to "file a motion to dismiss Plaintiff's untimely disability discrimination claim" if the amendment is granted)); see also Jackson, 902 F.2d at 1387 (finding prejudice, where the opposing party had to conduct additional discovery because the proposed new claim "advance[d] different legal theories and require[d] proof of different facts.").

Further, Plaintiff's proposed claim for disability discrimination would "greatly alter[]" the nature of the litigation, and would require Defendants to "undertake[], at a late hour, an entirely new course of defense," increasing litigation costs, and prejudicing Defendants. See Morongo Band of Mission Indians, 893 F.2d at 1079; see also AmerisourceBergen Corp., 465 F.3d at 953 (quotation omitted) (finding that the district court did not abuse its discretion in denying leave to amend, even where eight months of discovery remained, because allowing the amendment would have "unfairly imposed potentially high, additional litigation costs on [defendant] that could have easily been avoided" had plaintiff pursued its proposed new theory in the original complaint; further noting that it would be prejudicial to defendant to allow "[plaintiff] to 'advance different legal theories and require proof of different facts' at this stage in the litigation."). Accordingly, this factor weighs against allowing the amendment. See Morongo Band of Mission Indians, 893 F.2d at 1079 (finding that the district court did not abuse its discretion in denying leave to amend when plaintiff moved to amend two years after the filing of the initial complaint, and the new claims would have greatly altered the nature of the litigation and required the opposing party to prepare "an entirely new course of defense."); Singh v. City of Oakland, 295 F. App'x. 118, 122 (9th Cir. 2008) (finding that the district court did not abuse its discretion in denying plaintiff leave to file a proposed Third Amended Complaint, where the plaintiff had known the facts alleged in the proposed amendment many months before moving for leave to amend, and the new claims would have required additional discovery and trial preparation, prejudicing the opposing party and delaying the proceedings).

### 6. Conclusion

In sum, four out of five factors considered by courts in deciding whether to grant leave to amend weigh against allowing the proposed amendment. See Foman, 371 U.S. at 182; Leadsinger, Inc., 512 F.3d at 532.

///

///

## IV.  CONCLUSION

Plaintiff's proposed new disability discrimination claim is untimely and does not relate back to Plaintiff's original Complaint.  Further, the majority of the factors considered by district courts in determining whether to grant leave to amend weigh against allowing the proposed amendment.  The Court therefore **DENIES** Plaintiff's motion for leave to file a Third Amended Complaint.

**IT IS SO ORDERED**.

Dated:  December 11, 2020

Honorable Michael S. Berg
United States Magistrate Judge